**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 19 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DARRELL D. MATHIS,

      Petitioner - Appellant,

v.

H. N. SCOTT; ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

      Respondent - Appellee.

No. 97-6230
(D.C. No. 97-CV-420)
(Western District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **MCKAY** and **LUCERO**, Circuit Judges.

Darrell Mathis pled guilty on February 19, 1993 to felony murder.

Following his conviction, petitioner did not move to withdraw his plea or file a

direct appeal. In May 1994, he filed his first application for post-conviction

relief in Oklahoma state court. The application was denied, as was his appeal. In

April 1996, petitioner filed a second application for post-conviction relief in the

---

[*]The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a) and 10th Cir. R. 34.1.9. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

state court, raising for the first time the claims presented in this § 2254 petition. His second application was also denied.

On appeal, the Court of Criminal Appeals of the State of Oklahoma determined that Mathis had failed to meet the requirements of Oklahoma's Post-Conviction Procedure Act, Okla. Stat. tit. 22, § 1086 (1986). Section 1086 states,

> All grounds for relief available to an applicant under this act must be raised in his original, supplemental or amended application. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the prior application.

The Court of Criminal Appeals concluded that petitioner failed to assert "sufficient reason" for failing to raise his claims on direct appeal or in his first application for post-conviction relief, and therefore they were procedurally barred under Oklahoma state law.

Pursuant to 28 U.S.C. § 2254, Mathis filed a petition for writ of habeas corpus. The Findings and Recommendation of the magistrate judge concluded that petitioner's claims were procedurally defaulted in state court, petitioner had failed to demonstrate cause for the defaults, and all of petitioner's claims were without merit. The district court adopted the magistrate's findings and denied petitioner a certificate of appealability.

The Supreme Court has clearly held that procedural default at the state level will bar federal habeas review:

> We now make it explicit: In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Coleman v. Thompson, 501 U.S. 722, 750 (1991). Petitioner has failed to demonstrate either cause for the default or actual prejudice. In addition, a review of his claims indicates that they are without merit.

We **DENY** petitioner a certificate of appealability and the petition for writ of habeas corpus is **DISMISSED**.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge